**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

AARON DOZIER,

      Plaintiff,

v.                                  CASE NO. 1:25cv312-RH-ZCB

HOWARD LUTNICK,

      Defendant.

_____/

**ORDER OF DISMISSAL**

This is an employment-discrimination case. The self-represented plaintiff's complaint alleges he suffered discrimination on March 18, 2020, and was terminated from his position with the United States Department of Commerce on March 19, 2020. ECF No. 1 at 7. The complaint alleges he received an Equal Employment Opportunity Commission notice of right to sue on April 25, 2025.

The plaintiff filed this action on October 7, 2025, more than five years after the alleged discrimination occurred and 165 days after receiving the notice of right to sue. The longest statute of limitations for any of the plaintiff's claims is four years, and the deadline for filing an action under Title VII of the Civil Rights Act

of 1964 is 90 days after receipt of the notice of right to sue. The plaintiff missed these deadlines by a wide margin.

The plaintiff's claims are untimely as shown on the face of the complaint. The magistrate judge's order of November 18, 2025 noted these and other deficiencies, gave the plaintiff leave to file an amended complaint, and set a deadline to do so. I overruled the plaintiff's repeated objections to that order.

The plaintiff obtained repeated extensions but never filed an amended complaint. The magistrate judge entered an order to show cause why the case should not be dismissed. The plaintiff responded with more motions for extension of time. But he has had more than four months to file an amended complaint—a period during which he has filed pages upon pages of objections and motions to extend time but has given no hint of any basis for avoiding dismissal of the action as untimely.

Enough is enough. The complaint fails to state a claim on which relief can be granted, and the plaintiff has suggested no basis for overcoming the action's untimeliness. Nor has he offered any sufficient excuse for failing to comply with the magistrate judge's orders.

IT IS ORDERED:

1. The report and recommendation, ECF No. 18, is accepted and adopted as the court's further opinion.

Case No. 1:25cv312-RH-ZCB

2. The motions to extend time, ECF Nos. 21 and 22, are denied.

3. The motion, ECF No. 23, to reconsider the March 20, 2026 order, ECF No. 20, is denied.

4. The clerk must enter judgment stating, "This action is dismissed without prejudice as untimely and for failure to comply with court orders."

5. The clerk must close the file.

SO ORDERED on April 8, 2026.

s/Robert L. Hinkle
United States District Judge